**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | C.A. No. 3:25-cv-00632-S |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| *Defendant*. | ) | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Plaintiffs"), in their Amended Complaint of patent infringement against Defendant Nationwide Mutual Insurance Company ("Nationwide" or "Defendant"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for the infringement of United States Patent Nos. 7,721,282 (the "'282 Patent"), 7,712,080 (the "'080 Patent"), and 8,332,844 (the "'844 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

### Intellectual Ventures

2.      Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

3.      Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

4.      Intellectual Ventures I is the exclusive licensee of the '080 Patent.

5.      Intellectual Ventures II is the owner of all rights, title, and interest in and to the '282 Patent, and the '844 Patent.

## Nationwide

6.      Upon information and belief, Nationwide Mutual Insurance Company is a privately-owned corporation organized and existing under the laws of Ohio with a principal place of business located at One Nationwide Plaza, Columbus, Ohio 43215. On information and belief, Nationwide does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Northern District of Texas.

7.      Upon information and belief, Nationwide is one of the largest insurance and financial services companies in the world, focusing on domestic property and casualty insurance, life insurance and retirement savings, asset management, and strategic investments.[1] Nationwide advertises on its website that it "offer[s] a wide range of financial and insurance products that are consistently ranked among the best in the industry."[2]

8.      Upon information and belief, Nationwide makes, utilizes, services, tests, distributes, and/or offers in the State of Texas and the Northern District of Texas financial services and technologies ("Accused Systems and Services") thereof that infringe the Patents-in-Suit,

---

[1] https://www.nationwide.com/personal/about-us/affiliated-companies/ (last accessed May 6, 2025).
[2] https://www.nationwide.com/cps/annual-report/strength-and-stability.html (last accessed May 6, 2025).

contributes to the infringement by others, and/or induces others to commit acts of patent infringement in the State of Texas and the Northern District of Texas.

9.      Upon information and belief, Nationwide offers several types of financial services and technologies to its customers, employees, and/or other third parties, including the Accused Systems and Services. Nationwide's services utilize systems, including, but not limited to, Docker, Kafka, Spark, and Hadoop. These systems and services are used by various financial services and technologies managed by Nationwide to enable the financial products and services that it offers to its customers, employees, and/or other third parties. Specifically, Nationwide makes, utilizes, services, tests, distributes, and/or offers these financial systems and services throughout the world, including in the United States and Texas. These services are provided online, through Nationwide applications, and used by Nationwide Agents and Nationwide customers.

10.      Nationwide has regular and established places of business, at which it has committed acts of infringement and placed the Accused Systems and Services into the stream of commerce, throughout the State of Texas and the Northern District of Texas. For example, Nationwide maintains agency offices throughout this district, including at least (1) Arnold Allen Simpson at 4144 N Central Expressway, Suite 600, Dallas, Texas 75204; (2) Hibbs-Hallmark & Company at 6750 Hillcrest Plaza Drive, Suite 219, Dallas, Texas 75230; (3) Holmes, Murphy And Assocs, LLC at 12712 Park Central Drive, Suite 100, Dallas, Texas 75251; (4) The Mockingbird Insurance Group LLC at 1430 Dragon Street, Suite 9, Dallas, Texas 75207; (5) The Rod Hanks Agency Inc. at 6300 Samuel Boulevard, Suite 105, Dallas, Texas 75228; (6) Acrisure LLC at 12201 Merit Drive, Suite 220, Dallas, Texas 75251; (7) Advantage Plus Insurance at 6510 Abrams Road, Suite 400, Dallas, Texas 75231; (8) Abdiel Benjamin Arellano at 8808 Camp Bowie West Boulevard, Suite 190, Fort Worth, Texas 76116; (9) Darla J Duncan at 5801 Curzon Avenue,

Suite 137, Fort Worth, Texas 76107; (10) Higginbotham Insurance Agency Inc. at 500 W 13th Street, Fort Worth, Texas 76102; (11) Premier Group Insurance Inc. at 6245 Rufe Snow Drive, Fort Worth, Texas 76148; (12) The Rod Hanks Agency Inc. at 2100 N Main Street, Suite 105, Fort Worth, Texas 76164; and (13) The Rod Hanks Agency Inc. at 6112 McCart Avenue, Suite 205, Fort Worth, Texas 76133 (collectively, "Nationwide Agencies").[3] These offices are physical places in the district where Nationwide exercises interim control over the activities and holds out to the public that the services and products are from Nationwide. Moreover, on information and belief, Nationwide advertises and hires Nationwide employees who manage the Northern Texas territory through Nationwide field territories.[4] These Nationwide employees work with the Nationwide Agencies, provide training, provide Nationwide property and technology, prepare reports on market conditions regarding the territory; communicate company directives; instruct Nationwide entities on "detailed performance plans with actions, accountabilities, and scheduled performance checkpoints; "consult [with Nationwide Agencies] regarding the appetite, acceptability, terms conditions, pricing, and sales techniques;" review existing and potential accounts with agents; and decide whether to continue or to terminate the Nationwide Agencies based on results.[5]

11.    Nationwide maintains regular and established places of business in the State of Texas, including the Northern District of Texas, where it has committed acts of infringement and

---

[3] https://agency.nationwide.com/tx/dallas (last accessed May 6, 2025); https://agency.nationwide.com/tx/fort-worth (last accessed May 6, 2025).
[4] https://www.tealhq.com/job/territory-manager-small-market-business-development-commercial-lines_17b3b0ed-e658-4168-a160-91735fe0d1ba (last accessed May 6, 2025).
[5] https://nationwide.wd1.myworkdayjobs.com/en-US/Nationwide_Career/details/Territory-Manager--Small-Markey-Business-Development---Commercial-Lines_91958-1?q=agents&GTMUID=NW1741210399285/personal/about-us/affiliated-companies/523733563.1741210399142&GTMRef=https://www.nationwide.com/personal/about-us/careers/ (last accessed May 6, 2025).

placed the Accused Systems and Services into the stream of commerce through its wholly owned subsidiaries. For example, Nationwide Financial General Agency, Inc. listed 350 North Saint Paul Street, Dallas, Texas 75201—a location within the Northern District—as its place of business in a filing with the Texas Secretary of State[6]. Nationwide Asset Management, LLC similarly listed the same address in its Texas Secretary of State filing[7]. In addition, a March 10, 2025 filing with the Florida Secretary of State identifies Jefferson National Life Insurance Company, another wholly owned subsidiary of Nationwide, as having its principal place of business at 350 North Saint Paul Street, Dallas, Texas 75201.[8]

12.    Nationwide advertises on its website how to contact Nationwide agencies in this District, including Dallas, Texas.[9]

---

[6] Texas Secretary of State filings by Nationwide Financial General Agency, Inc., attached as Exhibit 9.
[7] Texas Secretary of State filings by Nationwide Asset Management, LLC., attached as Exhibit 10.
[8] https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=forp-818908-d9ac087a-28e1-45a6-b2c7-6f0f22d7a751&transactionId=818908-ee3c5cf9-71bd-462d-9211-c7f204a45526&formatType=PDF (last accessed on May 6, 2025)
[9] https://agency.nationwide.com/search?q=Dallas%2C+TX%2C+USA&agencyName=&product= (last visited May 6, 2025).



13.    Nationwide offers various types of insurance in Texas, including in the Northern District of Texas. For example, Nationwide advertises on its website that "[e]verything is bigger in Texas and that means a whole lot more to explore. . . . Keep your vehicle safe with auto insurance from Nationwide. Explore coverage options in Texas and find new ways to save while protecting yourself and your vehicle."[10] Similarly, Nationwide advertises "everything's bigger in Texas, even the perks of living there! Houston's bustling gulf-side communities, the proud Texan culture of Dallas, Austin's lively music scene, San Antonio's rich history – there's plenty to love no matter which Texan city you call home. Protect the home you love with coverage from Nationwide. Nationwide helps homeowners like you safeguard the things that matter most from covered damages, theft and more."[11]

---

[10] https://www.nationwide.com/personal/insurance/auto/state/texas/ (last accessed May 6, 2025).
[11] https://www.nationwide.com/personal/insurance/homeowners/state/texas/ (last accessed May 6, 2025).

14.    Nationwide offers its insurance products in the Northern District of Texas, including the Dallas Division. For example, Nationwide advertises on its website insurance services and products that are provided in at least 28 cities in the Dallas Division, including the following: Addison; Burleson; Carrollton; Cleburne; Commerce; Coppell; Dallas; DeSoto; Duncanville; Ennis; Forney; Garland; Glenn Heights; Grand Prairie; Greenville; Heath; Irving; Kemp; Lewisville; Mabank; Mansfield; Maypearl; Mesquite; Red Oak; Richardson; Rockwall; Royse City; and Waxahachie.[12]

15.    Upon information and belief, Nationwide controls and sets prices of insurance products offered to its customers through insurance agents located in the district and Nationwide employees who remotely manage and supervise the Nationwide Agencies. This process involves analyzing personal risk factors, for example the type of car being insured, where a customer lives, the cost to replace a home, a customer's credit score, a customer's driving record, and other factors.[13]

16.    Upon information and belief, Nationwide provides to its agents an "agent" portal that allows its agents to "[c]reate quotes and other transactions," and provides access to documents, forms, product manuals and related tools, policy management information, agency reporting statements, continuing education, and professional certifications and designations that enable agents to assist Nationwide's customers.[14]

---

[12] https://agency.nationwide.com/tx (last accessed March 16, 2025).
[13] https://www.tdi.texas.gov/consumer/how-are-your-auto-and-homeowners-insurance-costs-calculated.html (last accessed May 6, 2025).
[14] https://www.nationwide.com/agents/sales-and-service-support/ (last accessed on May 6, 2025).

Streamline your operations with Agent Center

Create quotes and other transactions quickly using Nationwide's Agent Center. Whether you're writing new business or assisting current customers, this online sales support system speeds up your process.

Agent Center also gives you the online sales, service, agency management and training support you need, including:

- Documents and forms
- Product manuals and tools
- Policy management information

- Agency reporting statements
- Continuing education
- Professional certifications and designations

Log in to Agent Center

17.     Upon information and belief, Nationwide provides an agent portal to insurance agents in order to provide tools for managing insurance policies and accessing Nationwide's customer support and quoting processes. For example, Nationwide advertises that "Nationwide's Agent Center equips P&C agents with digital tools for easy policy management, customer support, and quoting."[15] These agents also are provided with Nationwide property, including records, manuals, supplies, policy forms, and applications. On information and belief, Nationwide agents are required to have separate access/connection to Nationwide's network from any other network and only authorized users can access or connect to Nationwide's network. On information and belief, Nationwide controls its agents access to Nationwide's network and controls the manner and method of providing information to Nationwide and its customers. On information and belief, this control is continuing and is required as long as there is access to Nationwide's network and services

---

[15] https://www.google.com/search?q=nationwide+agent+center+login&sca_esv=618eb12c7c97926b&ei=nc_mZ7K-JJvgp84P4tTj0Q0&ved=0ahUKEwjygNqrmq2MAxUb8MkDHWLqONoQ4dUDCBA&uact=5&oq=nationwide+agent+center+login&gs_lp=Egxnd3Mtd2l6LXNlcnAiHW5hdGlvbndpZGUgYWdlbnQgY2VudGVyIGxvZ2luMgsQABiABBiRAhiKBTIGEAAYFhgeMgsQABiABBiGAxiKBTIIEAAYgAQYogRIwQxQyANY3wtwAXgBkAEAmAF5oAGiCaoBBDAuMTG4AQPIAQD4AQGYAgygAr8JwgIKEAAYsAMY1g1gQYR8ICBRAAGIAEwgIFEAAY7wWYYAwCIBgGQBgiSBwQxLjExEAoAeFLLIHBDAuMTG4B7sJ&sclient=gws-wiz-serp (Last visited May 6, 2023).

including providing digital tools for policy management, customer support, and quoting.[16] Moreover, on information and belief, this access and control requires the agents to produce, store, and furnish to customers Nationwide's business offerings.



**Nationwide Mutual Insurance Company**
https://clpolicycenter.nationwide.com                   ⋮

**Agent Center Login - Nationwide**
**Nationwide's Agent Center** equips P&C agents with digital tools for easy policy management, customer support, and quoting.

18.    Upon information and belief, Nationwide's insurance agents cannot offer Nationwide products and services, including obtaining quotes for potential customers, without using Nationwide services, including the Accused Systems and Services.[17]



---

[16]https://agentcenter.nationwide.com/WorkspaceAC/login?redirectUri=https://identity.nationwide.com/as/OH3uJaX2Ii/resume/as/authorization.ping&tsms=1742426486256 (last accessed on May 6, 2025).
[17] https://www.nationwide.com/agents/nationwideexpress/ (last visited May 6, 2023).

19.     Upon information and belief, insurance claims relating to Nationwide products must be filed with Nationwide to seek reimbursement. For example, personal and commercial insurance claims must be filed through Nationwide's online portal or with Nationwide itself.[18]



20.     In 2020, Nationwide announced a shift to a hybrid work model with "some employees working at home and others at the office" and "[h]alf of employees company-wide will permanently work from home," and also announced "scaling back its real estate footprint."[19] Nationwide said it would "maintain work-from-office personnel" at the San Antonio office, in addition to its corporate offices located elsewhere in the United States, and that it planned to sell the San Antonio complex and "lease back part of the space or move office-based employees to a different building nearby" and that there would be "no immediate changes in employment

---

[18] https://www.nationwide.com/personal/insurance/claims/ (last accessed on May 6, 2025); https://www.nationwide.com/business/insurance/claims/ (last accessed on May 6, 2025).
[19] https://www.bizjournals.com/columbus/news/2021/12/10/exclusive-nationwide-sells-corporate-campus.html (last visited April 3, 2025).

locally."[20] At this time, Nationwide decided to shift to a "98%" work from home model and invested in technology to allow for the same.[21]

21.    Upon information and belief, Nationwide has hundreds of employees who work and reside in the District (collectively, "Nationwide Employees").[22] Further, Nationwide advertises job postings that require performance of job responsibilities in the "Northern Dallas" area, include issuance of a "company car," and further provide for relocation to the District for potential applicants: "Relocation assistance may be available for qualified candidates who reside more than 50 miles outside of the territory."[23]

22.    Upon information and belief, the Nationwide Agencies and Nationwide Employees in this District are regular, continuous, and established physical places of business of Nationwide, being established, ratified, and/or controlled by Nationwide as authorized agencies and residences, which are the places of business at which Nationwide makes, utilizes, services, tests, distributes, and/or offers the Accused Systems and Services.

---

[20] https://www.bizjournals.com/columbus/news/2021/12/10/exclusive-nationwide-sells-corporate-campus.html (last visited April 3, 2025).

[21] https://news.nationwide.com/nationwide-announces-permanent-shift-in-workplace-work-from-home-strategy/#:~:text=12:21%20PM-,Nationwide%20announces%20permanent%20shift%20in%20workplace%2C%20work%2Dfrom%2Dhome,that%20will%20enable%20continued%20success. (Last visited May 6, 2025).

[22] *See, e.g.*, https://www.linkedin.com/in/andrew-marrin-811126187; https://www.linkedin.com/in/amy-gilmore-81250b7; https://www.linkedin.com/in/kenvthomas; https://www.linkedin.com/in/shawn-khan; https://www.linkedin.com/in/cole-baker-3178a787; https://www.linkedin.com/in/matthillstrom; https://www.linkedin.com/in/mark-arrington-9776044 (last visited May 6, 2025).

[23] https://nationwide.wd1.myworkdayjobs.com/en-US/Nationwide_Career/details/Field-Claims-Specialist-II--Property--Northern-Dallas-_90722?locations=1c03ad69c2b301fc8afc43007d8cdc09 (last visited April 3, 2025).

23.    Upon information and belief, Nationwide ratifies and holds these Nationwide Agencies out as regular and established places of business of Nationwide in this District by listing them on Nationwide's website, including, *e.g.*, as shown below:[24]



---

[24] https://agency.nationwide.com/search?q=75220 (last accessed May 6, 2025); https://agency.nationwide.com/search?q=76133&agencyName=&product= (last accessed May 6, 2025).



24.    Upon information and belief, these Nationwide agencies are Nationwide physical places in the district along with the locations of its remote employees. These Nationwide Agencies and remote employees are provided with Nationwide advertising, policy, technology, and vehicles, that allow Nationwide to conduct business in the District and offer customer service. The services provided are directly within Nationwide's conduct of business and include production, storage, transport, and exchange of Nationwide goods and services that constitute Nationwide's conduct of business. The primary operations of the Nationwide Agencies and remote employees are not ancillary to the Nationwide business of providing insurance and financial services.

25.    Upon information and belief, Nationwide further ratifies and holds these Nationwide Agencies and Nationwide Employees out as regular and established places of business of Nationwide in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Nationwide employees and agents some

13

or all of the employees or agents employed in this District, including for example, Nationwide insurance agents, customer service representatives, claims specialists, sales associates, sales managers, underwriters, financial professionals, insurance specialists, and managers.[25] Nationwide provides its Nationwide Agents step-by-step instructions regarding how to provide its insurance services, access to a secure network, and access portal. On information and belief, Nationwide instructs, trains, monitors, and makes the decision on whether to continue or terminate with the Nationwide Agencies. On information and belief, Nationwide also hires support staff and Nationwide employees who visit and work directly with Nationwide employees. On information and belief, Nationwide and its Nationwide Agencies enter contracts that control how the Nationwide product offerings can be used, the timing and location of the product offerings, and provides Nationwide Agencies with a portal and applications that are accessible at the Nationwide Agency and with the customer sites that provide instructions on how to facilitate Nationwide business. On information and belief, Nationwide exercises control of Nationwide Agents acts through training, instructions, access to technology, collaboration through the direction of Nationwide, and through the ability to continue or terminate the relationship. On information and belief, the relationship between Nationwide and its Nationwide Agencies provides Nationwide with the right of interim control.

26.    On information and belief, Nationwide compensates remote workers for expenses and utilities related to remote work, and Nationwide materials, goods, and services are stored at the home offices of Nationwide employees and at the Nationwide Agencies.

---

[25] *See, e.g.*, https://nationwide.wd1.myworkdayjobs.com/en-US/Nationwide_Career/details/Field-Claims-Specialist-II--National-Catastrophe-Property---Personal-Lines--Metro-Texas---Austin-DFW-Houston-San-Antonio-_89636?locations=1c03ad69c2b301778af488ff7c8cec08 (last accessed February 27, 2025).

27.     Upon information and belief, Nationwide further ratifies and holds these Nationwide Agencies and Nationwide Employees out as regular and established places of business of Nationwide by providing them with promotions, equipment, and sharing customer data with these Nationwide Agencies and Nationwide Employees to offer customized Nationwide services.

28.     Upon information and belief, Nationwide has established, ratified, and holds these Nationwide Agencies and Nationwide Employees out as regular and established places of business of Nationwide by directing and controlling these Nationwide Agencies and Nationwide Employees actions and services in the foregoing manner, and has consented to these Nationwide Agencies and Nationwide Employees acting on Nationwide's behalf and being Nationwide's places of business whereby the Accused Systems and Services are made, utilized, serviced, tested, distributed, and/or offered and placed into the stream of commerce in this District, and these Nationwide Agencies and Nationwide Employees have consented to act on Nationwide's behalf pursuant to the foregoing terms of control and direction in order to be able to offer financial services that utilize the Accused Systems and Services.

29.     Upon information and belief, Nationwide further ratifies and holds these Nationwide Agencies and Nationwide Employees out as regular and established places of business of Nationwide in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Nationwide employees who are software engineers that work on and/or develop the Accused Services and Systems. Upon information and belief, Nationwide has numerous technical employees in the Northern District who develop and

implement the Accused Systems and Services, including data engineers, data platform engineers, software engineers, DevOps engineers, data analysts, and developers.[26]

30.    Upon information and belief, Nationwide further ratifies and holds these Nationwide locations out as regular and established places of business of Nationwide in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Nationwide employees who are software engineers that work on and/or develop the Accused Services and Systems. Upon information and belief, Nationwide has numerous technical employees in the Northern District who develop and implement the Accused Systems and Services, including developers, data engineers, software engineers, data analysts, and developers.[27]

31.    Upon information and belief, Nationwide further ratifies and holds these Nationwide locations out as regular and established places of business of Nationwide in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Nationwide employees who are support staff and employees that support Nationwide's business in the District.[28]

---

[26] https://www.linkedin.com/in/devender-r-0919b3232/ (last accessed May 6, 2025); https://www.linkedin.com/in/tminoungou/ (last accessed May 6, 2025); https://www.linkedin.com/in/srishanthm/ (last accessed May 6, 2025); https://www.linkedin.com/in/sai-n-2857a5289/ (last accessed May 6, 2025).
[27] https://www.linkedin.com/in/saikesana (last accessed May 6, 2025); https://www.linkedin.com/in/arif-h-zaidy-7354b65 (last accessed May 6, 2025); https://www.linkedin.com/in/geethack (last accessed May 6, 2025); https://www.linkedin.com/in/sri-sri-359683171 (last accessed May 6, 2025); https://www.linkedin.com/in/aracelyheredia (last accessed May 6, 2025); https://www.linkedin.com/in/wayneholiman (last accessed May 6, 2025); https://www.linkedin.com/in/colleenqu/ (last accessed May 6, 2025).
[28] https://www.linkedin.com/in/cathy-brooks-0602aa2ba/ (last accessed May 6, 2025); https://www.linkedin.com/in/corie-dixon-a43979162/ (last accessed May 6, 2025); https://www.linkedin.com/in/alyssa-bassler-fcas-40700658/ (last accessed May 6, 2025); https://www.linkedin.com/in/destini-stephens-9728977b/ (last accessed May 6, 2025).

## JURISDICTION AND VENUE

32.    This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

33.    This Court has personal jurisdiction over Nationwide because Nationwide conducts business in and has committed acts of patent infringement, contributed to infringement by others, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over Nationwide would not offend the traditional notions of fair play and substantial justice. Upon information and belief, Nationwide transacts substantial business with entities and individuals in the State of Texas and the Northern District of Texas, by among other things, making, utilizing, servicing, testing, distributing, and/or offering Nationwide's services that infringe the Patents-in-Suit, including the infringing Accused Systems and Services thereof that Nationwide purposefully directs into the State of Texas and this District as alleged herein, as well as by providing service and support to its partners, vendors, and/or third-parties in this District. Nationwide places the Accused Systems and Services into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be made, utilized, serviced, tested, distributed, and/or offered in the State of Texas, including this District.

34.    Nationwide is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Nationwide's substantial business in the State of Texas and this District, including through its past infringing activities, because

---

https://www.linkedin.com/in/delene-marshall-b7a91732/ (last accessed May 6, 2025).
https://www.linkedin.com/in/journey-bray/ (last accessed May 6, 2025).
https://www.linkedin.com/in/gailstevenson/ (last accessed May 6, 2025).

Nationwide regularly does and solicits business herein, and/or because Nationwide has engaged in persistent conduct and/or has derived substantial revenues from offered financial services that utilize the Accused Systems and Services offered to partners, vendors, and/or third-parties in the State of Texas and this District.

35.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Nationwide resides in this District as it maintains numerous regular and established places of business in this District, and has committed and continues to commit acts of infringement in this District giving rise to this Action.

## FACTUAL BACKGROUND

36.    Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates inventions by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. A significant aspect of Intellectual Ventures Management's business is managing the plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

37.    One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996. While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts. Between 1986 and 2000, Microsoft became the world's largest technology company.

38.     Under Dr. Myhrvold's leadership, Intellectual Ventures acquired more than 70,000 patents covering many inventions important to financial institutions.

39.     Nationwide offers several types of financial services and technologies to its customers, employees, and/or third parties. Nationwide's services utilize systems, including, but not limited to, Docker, Kafka, Spark and Hadoop. These systems and services are used by various financial services and technologies managed by Nationwide to enable the financial products and services it offers to its customers, employees and/or third parties. Specifically, Nationwide makes, utilizes, services, tests, distributes, and/or offers these financial systems and services throughout the world, including in the United States and Texas.

**THE PATENTS-IN-SUIT**

**U.S. Patent No. 7,721,282**

40.     On May 18, 2010, the PTO issued the '282 Patent, titled "Block-Level I/O Subsystem For Distributed Application Environment Management." The '282 Patent is valid and enforceable. A copy of the '282 Patent is attached as Exhibit 1.

41.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '282 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '282 Patent.

**U.S. Patent No. 7,712,080**

42.     On May 4, 2010, the PTO issued the '080 Patent, titled "Systems and Methods for Parallel Distributed Programming." The '080 Patent is valid and enforceable. A copy of the '080 Patent is attached as Exhibit 2.

43.     Intellectual Ventures I is the exclusive licensee under the '080 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '080 Patent.

### U.S. Patent No. 8,332,844

44.     On December 11, 2012, the PTO issued the '844 Patent, titled "Root Image Caching and Indexing for Block-level Distributed Application Management." The '844 Patent is valid and enforceable. A copy of the '844 Patent is attached as Exhibit 3.

45.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '844 Patent.

### COUNT I
### (Nationwide's Infringement of U.S. Patent No. 7,721,282)

46.     Intellectual Ventures incorporates paragraphs 1 through 45 herein by reference.

47.     **Direct Infringement.** Nationwide, without authorization or license from Intellectual Ventures, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '282 Patent, by making, utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '282 Patent, including, but not limited to, at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 55 below, into this Count (collectively, "Example Nationwide Count I Systems and Services") that infringe at least the example claims of the '282 Patent identified in the charts incorporated into this Count (the "Example '282 Patent Claims") literally or by the doctrine of equivalents.

48.    On information and belief, Nationwide has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '282 Patent Claims, by internal testing and use of the Example Nationwide Count I Systems and Services.

49.    Nationwide has known that its infringing systems and services, such as the Example Nationwide Count I Systems and Services, cannot be used without infringing the technology claimed in the '282 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

50.    **Willful Blindness.** Nationwide knew of the '282 Patent, or should have known of the '282 Patent, but was willfully blind to its existence. Nationwide has had actual knowledge of the '282 Patent not later than receipt of a letter, dated March 14, 2025, and received on the same date. By the time of trial, Nationwide will have known, since receiving such notice, that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '282 Patent. *See* Exhibit 4 (Notice Letter).

51.    **Induced Infringement.** Nationwide has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '282 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use or cause to use its systems and services, such as Example Nationwide Count I Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '282 Patent. For example, on information and belief, Nationwide offers products and services to its customers and/or employees that are associated with backend functionality provided by the Example Nationwide Count I Products and Services. Nationwide has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '282 Patent by offering such products and services and contributing to and/or inducing its customers and third

parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Nationwide Count I Products and Services.

52.    Nationwide therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '282 Patent with knowledge of the '282 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '282 Patent. Nationwide has actively induced others, including, but not limited to, partners, vendors, and/or third parties who use the Example Nationwide Count I Systems and Services to infringe the '282 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Nationwide Count I Systems and Services.

53.    **Contributory Infringement.** Nationwide actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '282 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '282 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

54.    Nationwide therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third parties' infringement of the '282 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, and/or offering Example Nationwide Count I Systems and Services for use in a

manner that infringes one or more claims of the '282 Patent. Example Nationwide Count I Systems and Services are especially made or adapted for infringing the '282 Patent and have no substantial non-infringing use.

55.    Exhibit 5 (claim chart) includes the Example Nationwide Count I Systems and Services and Example '282 Patent Claims. As set forth in these charts, the Example Nationwide Count I Systems and Services practice the technology claimed by the '282 Patent. Accordingly, the Example Nationwide Count I Systems and Services incorporated in these charts satisfy all elements of the Example '282 Patent Claims.

56.    Intellectual Ventures therefore incorporates by reference in its allegations herein the claim chart of Exhibit 5.

57.    Intellectual Ventures is entitled to recover damages adequate to compensate for Nationwide's infringement of the '282 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Nationwide to compensate it for Nationwide's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

58.    Further, Nationwide's infringement of Intellectual Ventures's rights under the '282 Patent will continue to damage Intellectual Ventures's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II
### (Nationwide's Infringement of U.S. Patent No. 7,712,080)

59.    Intellectual Ventures incorporates paragraphs 1 through 58 herein by reference.

60.    **Direct Infringement.** Nationwide, without authorization or license from Intellectual Ventures, has directly infringed, and continues to directly infringe, literally and/or by

the doctrine of equivalents, individually and/or jointly, the '080 Patent, by making, utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '080 Patent, including, but not limited to, at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 68 below, into this Count (collectively, "Example Nationwide Count II Systems and Services") that infringe at least the example claims of the '080 Patent identified in the charts incorporated into this Count (the "Example '080 Patent Claims") literally or by the doctrine of equivalents.

61.    On information and belief, Nationwide has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '080 Patent Claims, by internal testing and use of the Example Nationwide Count II Systems and Services.

62.    Nationwide has known that its infringing systems and services, such as the Example Nationwide Count II Systems and Services, cannot be used without infringing the technology claimed in the '080 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

63.    **Willful Blindness.** Nationwide knew of the '080 Patent, or should have known of the '080 Patent, but was willfully blind to its existence. Nationwide has had actual knowledge of the '080 Patent not later than receipt of a letter, dated March 14, 2025, and received on the same date. By the time of trial, Nationwide will have known, since receiving such notice, that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '080 Patent. *See* Exhibit 4 (Notice Letter).

64.    **Induced Infringement.** Nationwide has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '080 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use or cause to use its systems and

services, such as Example Nationwide Count II Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '080 Patent. For example, on information and belief, Nationwide offers products and services to its customers and/or employees that are associated with backend functionality provided by the Example Nationwide Count II Products and Services. Nationwide has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '080 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Nationwide Count II Products and Services.

65.    Nationwide therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '080 Patent with knowledge of the '080 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '080 Patent. Nationwide has actively induced others, including, but not limited to, partners, vendors, and/or third parties who use the Example Nationwide Count II Systems and Services to infringe the '080 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Nationwide Count II Systems and Services.

66.    **Contributory Infringement.** Nationwide actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '080 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and

distinct technology that is especially made or especially adapted for use in infringement of the '080 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.    Nationwide therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third parties' infringement of the '080 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, and/or offering Example Nationwide Count II Systems and Services for use in a manner that infringes one or more claims of the '080 Patent. Example Nationwide Count II Systems and Services are especially made or adapted for infringing the '080 Patent and have no substantial non-infringing use.

68.    Exhibit 6 (claim chart) includes the Example Nationwide Count II Systems and Services and Example '080 Patent Claims. As set forth in these charts, the Example Nationwide Count II Systems and Services practice the technology claimed by the '080 Patent. Accordingly, the Example Nationwide Count II Systems and Services incorporated in these charts satisfy all elements of the Example '080 Patent Claims.

69.    Intellectual Ventures therefore incorporates by reference in its allegations herein the claim chart of Exhibit 6.

70.    Intellectual Ventures is entitled to recover damages adequate to compensate for Nationwide's infringement of the '080 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Nationwide to compensate it for Nationwide's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

71.     Further, Nationwide's infringement of Intellectual Ventures's rights under the '080 Patent will continue to damage Intellectual Ventures's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### COUNT III
### (Nationwide's Infringement of U.S. Patent No. 8,332,844)

72.     Intellectual Ventures incorporates paragraphs 1 through 71 herein by reference.

73.     **Direct Infringement.** Nationwide, without authorization or license from Intellectual Ventures, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '844 Patent, by making, utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '844 Patent, including, but not limited to, at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 86 below, into this Count (collectively, "Example Nationwide Count III Systems and Services") that infringe at least the example claims of the '844 Patent identified in the charts incorporated into this Count (the "Example '844 Patent Claims") literally or by the doctrine of equivalents.

74.     On information and belief, Nationwide has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '844 Patent Claims, by internal testing and use of the Example Nationwide Count III Systems and Services.

75.     Nationwide has known that its infringing systems and services, such as the Example Nationwide Count III Systems and Services, cannot be used without infringing the technology claimed in the '844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

76.     **Willful Blindness.** Nationwide knew of the '844 Patent, or should have known of the '844 Patent, but was willfully blind to its existence. Nationwide has had actual knowledge of

the '844 Patent not later than receipt of a letter, dated July 1, 2024, and received on the same date. By the time of trial, Nationwide will have known, since receiving such notice, that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '844 Patent. *See* Exhibit 7 (Notice Letter Dated July 2024).

77.   **Willful Infringement.** Nationwide has had actual knowledge of the '844 Patent at least since July 1, 2024 because it received a Notice of Infringement sent to Nationwide via Ms. Susan Freeman. *See* Exhibit 7 (Notice Letter Dated July 2024). The Notice of Infringement clearly identified the '844 Patent, identified example Nationwide products and features relating to Docker, and notified Nationwide that at least one of Nationwide's products infringed one or more claims of the '844 Patent. The Notice of Infringement included a copy of the '844 Patent. *See* Exhibit 3 ('844 Patent).

78.   Despite Nationwide's knowledge of the '844 Patent and infringement of the same, Nationwide has infringed and continues to infringe the '844 Patent with full and complete knowledge of the '844 Patent's applicability to Nationwide's Docker-related products without taking a license and without a good faith belief that the '844 Patent is invalid and not infringed.

79.   Nationwide's infringement has been, and continues to be, willful, deliberate, and flagrant. Nationwide has deliberately and flagrantly copied and/or incorporated into its Docker-related products the invention and embodiments described in the '844 Patent despite a known or obvious risk of infringement.

80.   Despite Nationwide's knowledge of the '844 Patent, Nationwide has sold, offered for sale, manufactured, and imported, infringing products, and continues to do so without adequately investigating the scope of the '844 Patent and without forming a good faith belief that its infringing products do not infringe or that the '844 Patent is invalid. Nationwide has not taken

any steps to remedy its infringement of the '844 Patent, for example, by removing the infringing products or stopping its use of the Docker-related technology.

81.    Nationwide's infringement of the '844 Patent is willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, and flagrant, entitling IV to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

82.    **Induced Infringement.** Nationwide has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '844 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use or cause to use its systems and services, such as Example Nationwide Count III Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '844 Patent. For example, on information and belief, Nationwide offers products and services to its customers and/or employees that are associated with backend functionality provided by the Example Nationwide Count III Products and Services. Nationwide has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '844 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Nationwide Count III Products and Services.

83.    Nationwide therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '844 Patent with knowledge of the '844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '844 Patent. Nationwide has actively induced others, including, but not limited to, partners, vendors, and/or

third parties who use the Example Nationwide Count III Systems and Services to infringe the '844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Nationwide Count III Systems and Services.

84.    **Contributory Infringement.** Nationwide actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '844 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

85.    Nationwide therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third parties' infringement of the '844 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, and/or offering Example Nationwide Count III Systems and Services for use in a manner that infringes one or more claims of the '844 Patent. Example Nationwide Count III Systems and Services are especially made or adapted for infringing the '844 Patent and have no substantial non-infringing use.

86.    Exhibit 8 (claim chart) includes the Example Nationwide Count III Systems and Services and Example '844 Patent Claims. As set forth in these charts, the Example Nationwide Count III Systems and Services practice the technology claimed by the '844 Patent. Accordingly,

the Example Nationwide Count III Systems and Services incorporated in these charts satisfy all elements of the Example '844 Patent Claims.

87.    Intellectual Ventures therefore incorporates by reference in its allegations herein the claim chart of Exhibit 8.

88.    Intellectual Ventures is entitled to recover damages adequate to compensate for Nationwide's infringement of the '844 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Nationwide to compensate it for Nationwide's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

89.    Further, Nationwide's infringement of Intellectual Ventures's rights under the '844 Patent will continue to damage Intellectual Ventures's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

90.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that the Patents-in-Suit are valid and enforceable;

B.    A judgment that Defendant directly infringes, contributorily infringes, and/or induces infringement of one or more claims of *each of* the Patents-in-Suit;

C.    A judgment that awards Plaintiffs all damages adequate to compensate them for Defendant's direct infringement, contributory infringement, and/or induced

infringement, of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.    A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the Patents-in-Suit;

E.    A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the Patents-in-Suit, including ongoing royalties, pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.    A judgment that this case is exceptional under 35 U.S.C. § 285;

G.    An accounting of all damages not presented at trial; and

H.    A judgment that awards Plaintiffs their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by the Court.

Dated: May 8, 2025                                    RESPECTFULLY SUBMITTED,

                                                    By: /s/ Mark D. Siegmund
                                                        Mark D. Siegmund (TX Bar No. 24117055)
                                                        msiegmund@sjcjlaw.com
                                                        **CHERRY JOHNSON SIEGMUND**
                                                        **JAMES PC**
                                                        7901 Fish Pond Road
                                                        2nd Floor
                                                        Waco, TX 76710
                                                        Telephone: (254) 732-2242
                                                        Facsimile: (866) 627-3509

William D Ellerman (TX Bar No. 24007151)
wellerman@cjsjlaw.com
Ari B. Rafilson (TX Bar No. 24060456)
arafilson@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

Jonathan K. Waldrop (CA Bar No. 297903)
(*Pro hac vice* forthcoming)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(*Pro hac vice* forthcoming)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(*Pro hac vice* forthcoming)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(*Pro hac vice* forthcoming)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(*Pro hac vice* forthcoming)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(*Pro hac vice* forthcoming)
tnguyen@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(*Pro hac vice* forthcoming)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

**Attorneys for
INTELLECTUAL VENTURES I LLC
INTELLECTUAL VENTURES II LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 8th day of May, 2025, via the Court's CM/ECF System.

By: <u>/s/ *Mark D. Siegmund*</u>
      Mark D. Siegmund